**UNITED STATES of America**

v.

**HARFORD SANDS, INC.**

**Civ. No. Y–83–896.**

United States District Court,
D. Maryland.

Dec. 13, 1983.

Carol E. Dinkins, Washington, D.C., Scott C. Fulton, Washington, D.C., and Donna Helen Triptow, Asst. U.S. Atty., Baltimore, Md., counsel for plaintiff; James M. Baker, Philadelphia, Pa., of counsel.

Richard D. Bennett, Baltimore, Md., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

The United States has filed this civil action seeking an injunction and a civil penalty for the defendant's failure to test emissions from a "sand dryer" and report the results as required by the Environmental

Protection Agency under the Clean Air Act, 42 U.S.C. § 7413(a). The United States has moved for partial summary judgment, claiming that there is no dispute as to any material fact and that it is entitled to judgment as a matter of law under Rule 56 of the Federal Rules of Civil Procedure. Having concluded that there is no dispute as to any material factual matter, and that the plaintiff is entitled to judgment as a matter of law, the Court will grant the plaintiff's motion, and enter summary judgment for the plaintiff on the issue of the defendant's liability under the Act.

The affidavit submitted by the plaintiff, which is not disputed by the defendant, establishes that, on the basis of reports from the field, the Chief of the EPA's regional "Air Enforcement Branch" issued a letter on November 9, 1979, amended by a letter on November 23, 1979, requiring the defendant to test emissions from a "Sand Dryer" it was operating. These letters were followed by an order issued on June 24, 1980, which also required the defendant to test the emissions from the sand dryer and report the results to the EPA. The defendant has not disputed that it received the letters (the company president says he cannot remember receiving them, but the documents submitted by the plaintiff show that receipts for a notice of violation and for the June order were signed by the defendant's president or his agent).

The defendant claims, in its Memorandum in Opposition to the Plaintiff's Motion for Summary Judgment, that the tests required by the EPA were performed. However, the defendant has submitted no affidavits to that effect, and the defendant has not claimed that the results of the tests were reported to the EPA.

Under 42 U.S.C. § 7414(a)(1), the Administrator of the Clean Air Act "may require, any person who owns or operates any emission source ... to ... (B) make such reports [and] sample such emissions (in accordance with such methods, at such locations, at such intervals, and in such manner

as the Administrator shall prescribe) ... as he may reasonably require."

Under 42 U.S.C. § 7413(a)(3), when the Administrator "finds that any person is in violation of ... any requirement of section 7414 of this title, ... he may issue an order requiring such person to comply with such section or requirement, or he may bring a civil action in accordance with subsection (b) of this section."

And 42 U.S.C. § 7413(b) provides that:

The Administrator shall, in the case of any person which is the owner or operator of a major stationary source, ... commence a civil action for a permanent or temporary injunction, or to assess and recover a civil penalty of not more than $25,000 per day of violation, or both, whenever such person—

(1) violates or fails or refuses to comply with any order issued under subsection (a) of this section...

■ The defendant has not disputed the reasonableness of the EPA demand that it test the emissions from the sand dryer and report the results to the EPA, and therefore, the defendant is liable for its failure to respond to the letters of November 9 and 23, 1979, and the order of June 24, 1980.

■ The defendant maintains, in its Memorandum in Opposition to the Motion for Partial Summary Judgment, that the tests required by the EPA were performed. This argument has two flaws: first, the Court may not consider an unverified assertion made in a memorandum of law as the Court determines whether summary judgment is appropriate. As the plaintiff pointed out in its Reply Brief, Rule 56(e) provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Therefore, the assertion made in the affidavit submitted by the plaintiff that the tests were not conducted and reported to the EPA stands uncontroverted by admissible evidence, particularly in view of the absence of further submissions from the defendant after the plaintiff cited paragraph (e) of Rule 56.

The second flaw in the defendant's argument is that the letters and the order of the EPA plainly required the defendant not only to test the emissions, but to report the results of the tests to the EPA. There is not even a claim that the test results were reported properly.

■ The second argument which is raised by the defendant is that the defendant and Maryland officials responsible for enforcing the State Implementation Plan under the Clean Air Act have reached an agreement as to a compliance schedule to rectify the emissions problem at the facility in question. However, a violation of the federal provisions just cited is unaffected by the defendant's cooperation with the state. While the defendant's claimed cooperation will affect this Court's determination of the amount of a civil penalty to be levied against the defendant, such agreement does not affect the underlying liability.

■ At a conference on this case, the defendant's counsel suggested a third defense to the charges involved: he claimed that the defendant did not "knowingly" violate the letters and the order of the EPA. While the defendant's lack of knowledge (it claims that the papers were forwarded to the company attorney, who took no action) may affect its culpability and therefore the amount of a civil penalty which would be appropriate, those sections of the Act which the defendant is charged with violating do not require that the violation be "willful" or "knowing." In *other* sections of the Clean Air Act, violations *are* made punishable only if committed "knowingly" (see, *e.g.*, 42 U.S.C. § 7413(c)(1) and (c)(2)). This shows that Congress knew how to require scienter when it wished to.