**UNITED STATES of America, Plaintiff,**

v.

**RAYLE COAL COMPANY and Tridell Realty Company, Defendants.**

Civ. A. No. 87–0085–W(K).

United States District Court,
N.D. West Virginia.

Aug. 10, 1989.

---

U.S. Atty., Wheeling, W.Va., Martin A. McCrory, Land & Natural Resources Division, U.S. Dept. of Justice, Washington, D.C., and Bruce E. Byrd, EPA, Dept. of Justice, Philadelphia, Pa., for plaintiff.

Jeremy C. McCamic, McCamic & McCamic, Wheeling, W.Va., for defendants.

## ORDER

DAVID L. CORE, United States Magistrate.

In this civil action to enforce the provisions of the Clean Water Act, the Defendants have moved for a protective order to stay the depositions set for August 14, 1989, of the officers of the Defendants and other witnesses. As grounds for this motion, the Defendants state that the Circuit Court of Ohio County, West Virginia, issued a decision in their favor in the case styled *Rayle Coal Company v. Chief, Division of Water Resources, State Department of Natural Resources*, 88 CAP 35–S, concluding that Rayle Coal Company was not required to obtain a National Pollutant Discharge Elimination System (NPDES) permit for its refuse disposal at Storch's Run. It is the discharge of pollutants at this location that is also the subject of this suit. The decision of the Ohio County Circuit Court is being appealed to the West Virginia Supreme Court of Appeals, and defendants allege that the continuation of discovery in this action pending a final resolution of the issue by the West Virginia courts would be counterproductive.

The Plaintiff argues that neither the decision of the Ohio County Circuit Court nor the action of the West Virginia Supreme Court of Appeals on the appeal thereof will preclude it from continuing prosecution of this action, citing its Congressional mandate to oversee and enforce the Clean Water Act on a national basis.

■ There is no doubt that the continuation of these depositions on August 14 until finished would be expensive and time-consuming. However, they appear to be necessary for the further development of this case. A party seeking a protective order in these circumstances has the burden of showing not only the existence of the state court order, but also that the state's decision would have a preclusive effect on the Government's action in this case. The Defendant has not met this burden by mere reliance on Fed.R.Civ.P. 26(c).

■ A review of the case law on the issue of whether state court decisions on the Clean Water Act preclude Federal Court litigation indicates that there is some authority for both sides. However, the majority of cases have held that the Administrator of the Environmental Protection Agency is the chief enforcer of the nation's clean water laws and that Federal Courts should not abrogate their responsibility to accept jurisdiction, state court proceedings notwithstanding. *See, e.g., N.R.D.C. v. Outboard Marine Corp.*, 692 F.Supp. 801 (N.D.Ill.1988); *U.S. v. Rivera Torres*, 656 F.Supp. 251 (D.Puerto Rico, 1987), *aff'd* 826 F.2d 151 (1st Cir.1988); *U.S. v. Town of Lowell, Ind.*, 637 F.Supp. 254 (N.D. Ind. 1985); *U.S. v. SCM Corp.*, 615 F.Supp. 411 (D.Md.1985); *U.S.A. v. Harford Sands, Inc.*, 575 F.Supp. 733 (D.Md.1983); *U.S. v. Cargill, Inc.*, 508 F.Supp. 734 (D.C.Del. 1981). *Cf. U.S. v. ITT Rayonier, Inc.*, 627 F.2d 996 (9th Cir.1980). I am not convinced that even if the defendant would be successful in the West Virginia Supreme Court of Appeals that that decision would preclude this litigation, and I accordingly deny the motion for a protective order.

■ The Plaintiff has requested sanctions against defense counsel for bringing this motion, since the defendant has twice previously raised the issue of the state court litigation as grounds for dismissing this action, and has twice been denied. I believe that the decision of the Ohio County Court put the issue in a different posture, and that the Defendants were entitled to bring this to the attention of the Court via a Rule 26(c) motion, so that sanctions would be inappropriate.

■ Defendants have also raised the issue of whether the State of West Virginia will be entitled to participate in the depositions on August 14 since it has a state court decision against it. The State, how-

ever, is a defendant in the case brought against it here by Rayle Coal Company and Tridell Realty. It has a right to defend itself which includes participation in the discovery process.

The motion for a protective order and the request for sanctions is denied.

IT IS SO ORDERED.